**JOSHUA GONZALEZ**
PRO SE LITIGANT
2434 SEVENTEENTH AVENUE NORTH
SAINT PETERSBURG, FLORIDA 33713-4904
3 1 8 2 2 5 6 8 1 3
JOSHUA.GONZALEZ-ECF@PROTON.ME

**PLAINTIFF**

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JOSHUA GONZALEZ,<br>　　　　PLAINTIFF(S)<br><br>　　VS.<br><br>MIDFLORIDA CREDIT UNION<br>　　　　DEFENDANT(S) | ) CASE NO. 4:26- CV-319 AW MAP<br>)<br>)<br>)<br>)<br>) **COMPLAINT**<br>)<br>)<br>) 26 JUNE 2026 - PLAINTIFF<br>) |

## COMPLAINT

COMESNOW, THE PLAINTIFF, JOSHUA GONZALEZ, APPEARING BEFORE JUSTICE WITHOUT THE INEXTRICABLE AID OF COUNSEL, IN PROPRIA PERSONA, IN THE ABOVE-REFERENCED MATTERS, AND HEREBY ENTERS THIS CAUSE OF ACTION PURSUANT TO THE DEFENDANT(S), MIDFLORIDA CREDIT UNION, SUBSEQUENT FAILURE TO PERFORM. IN SUPPORT THEREOF, THE PLAINTIFF, JOSHUA GONZALEZ, STATES THE FOLLOWING:

THE CONSUMER CREDIT PROTECTION ACT (1968), REF. 12 C.F.R. PART 1002 OR CONSUMER FINANCIAL PROTECTION BUREAU CIRCULAR 2022-03, UPHOLDS PENALTIES FOR MARKETING TRAPS AND VAGUE OR GENERIC DISCLOSURES, SEE. UNITED STATES OF AMERICA V. CONSUMERINFO.COM, INC. D/B/A EXPERIAN CONSUMER SERVICES (C.D. CAL. 2023), 8:23-CV-01494-FWS-JDE, PURSUANT TO THE CAN-SPAM ACT, WHICH HAS FIRMLY ANCHORED WILLFUL DISREGARD IN THE GUISE OF PERMISSIBLE PURPOSE AND NOT MERELY AS THE MATERIALLY MISLEADING MARKETING DECEPTION OF DEFICIENT VALUES SCORING AMBIGUOUS INTERNAL STANDARDS.

FILED USDC FLND TL
JUL 6 '26 PM 1:58


# I
# INTRODUCTION

THE PLAINTIFF AVOWS THAT THESE MATTERS ARE MADE IN GOOD FAITH TO CORRECT THE FEDERAL CONSUMER CREDIT ACTION, OR INACTION, ARISING FROM THE AFOREMENTIONED DEFENDANT(S), MIDFLORIDA CREDIT UNION, DENIAL OF THE PLAINTIFF CREDIT APPLICATION, FISCAL YEAR OF 2022.

MOREOVER, THE PLAINTIFF ASSERTS CLAIM UNDER THE FAIR CREDIT REPORTING ACT (1970) SOLELY BASED UPON THE DEFENDANT(S) PROCUREMENT AND USE OF THE PLAINTIFFS CONSUMER REPORT THROUGH MATERIALLY MISLEADING PRETENSES AND WITHOUT VALID, INFORMED AUTHORIZATION FOR AN IMMEDIATE HARD INQUIRY AS DESCRIBED IN THE FOLLOWING STIPULATION.

THE REMEDIES OF THIS ACTION SUBJECTS THE DEFENDANT(S), MIDFLORIDA CREDIT UNION, TO PECUNIARY PENALTIES IN THE CLAIM AMOUNT OF **$12,250 (USD)**, PLUS ALL AND ANY COST(S) ACCRUING FROM THIS CIVIL ACTION. THE CLAIM AMOUNT IS MADE IN GOOD FAITH CONTENTION AS TO COMPLY IN FULL WITH THE DICTUM OF THE EQUAL CREDIT OPPORTUNITY ACT (1974) CONSISTING OF THE STATUTORY MAXIMUM OF **$10,000 (USD)** FOR PUNITIVE DAMAGE(S) UNDER THE TITLE 15 U.S.C. § 1691 IN TERMS OF WILLFUL NON-COMPLIANCE AND COMPLETE DISREGARD, INCLUDING BUT NOT LIMITED TO, **$2,250 (USD)** FOR THE ACTUAL INJURY IN ACCORDANCE WITH THE FAIR CREDIT REPORTING ACT (1970), REF. 15 U.S.C. § 1681, TO THE EXTENT THAT SUCH INJURY WAS EXECUTED WITHIN THE DEFENDANT(S) CONTROL AND CUSTODY.

# II
# VENUE AND JURISDICTION

THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF FLORIDA RETAINS FEDERAL JURISDICTION PURSUANT TO TITLE 28 U.S.C. § 1331 WHICH PROVIDES NO MINIMUM AMOUNT FOR A CLAIM TO BE BROUGHT BEFORE JUSTICE. THIS IS AKIN TO THE UNITED STATES CONSTITUTION ARTICLE III, BECAUSE THE VERY NATURE OF THESE CLAIM(S) UNDERLY FEDERAL QUESTION, REF. CONSUMER CREDIT PROTECTION ACT (1968), MORESO, THE FAIR CREDIT REPORTING ACT (1970) AND THE EQUAL CREDIT OPPORTUNITY ACT (1974), SEE. TITLE 15 OF THE UNITED STATES CODE CHAPTER 41.

THE NORTHERN DISTRICT OF FLORIDA, HAVING RETAINED FEDERAL QUESTION JURISDICTION IS DETERMINED TO BE A RELEVANT VENUE GIVEN THE DEFENDANT(S) RESIDENCY FACILITATES BUSINESS THROUGHOUT THE STATE OF FLORIDA. THE DEFENDANT(S) CITIZENSHIP OPERATES AS A

**PLAINTIFF COMPLAINT**

STATE-CHARTED FINANCIAL INSTITUTION, REF. FLORIDA CREDIT UNION ACT (1980), REGULATED BY THE OFFICE OF FINANCIAL REGULATION, TALLAHASSEE, FLORIDA, AND IS FEDERALLY INSURED BY THE NATIONAL CREDIT UNION ADMINISTRATION, ALEXANDRIA, VIRGINIA, WITH THE DEFENDANT(S) PRINCIPAL HEADQUARTERS LOCATED IN THE CITY OF LAKELAND, FLORIDA.

## III
## PARTIES

THE PLAINTIFF, JOSHUA GONZALEZ, PRO SE, IN ONES OWN CHARACTER, IS A NATURAL PERSON AND NOT A LICENSED PRACTICING MEMBER OR STUDENT OF THE AMERICAN BAR ASSOCIATION OR STATE OF FLORIDA BAR. THE PLAINTIFF, JOSHUA GONZALEZ, IS NOT A UNITED STATES GOVERNMENT AGENT, OR AGENCY, NOR AN ACTIVE CONTRACTOR WITH ANY LEVEL I, II, III, IV, V OR MILITARY SECURITY CLEARANCES.

THE DEFENDANT(S), MIDFLORIDA CREDIT UNION, IS AN INCORPORATED NON-PROFIT ORGANIZATION (FL DOC. Q25000000006) OPERATING WITHIN THE STATE OF FLORIDA OF THE UNITED STATES OF AMERICA. WITH THE PRINCIPAL PLACE OF BUSINESS CONDUCTED SPECIFICALLY FOR THE STATE OF FLORIDA. THE FINANCIAL INSTITUTION IS GOVERNED AND REGULATED BY THE EXISTING LAWS OF THE UNITED STATES OF AMERICA AND/OR THE STATE OF FLORIDA.

## IV
## FACTUAL BASIS

MIDFLORIDA DECEPTIVE MARKETING TACTICS PROMPTED AND PROMOTED A CONSUMER LOAN PRODUCT AS A RECOGNIZABLE DISPLAY ITEM WITHIN A PHYSICAL BRICK AND MORTAR LOCATION, SITE: 13101 NORTH DALE MABRY HIGHWAY, TAMPA, FLORIDA 33618-2405, BEING DESCRIBED IN SUBSTANCE AS "SPENDING SPREE" GIVEN THE CONTEXT OF ITS PRIMARY PROMOTIONAL FEATURES.

THE FEATURES OF THIS PROMOTIONAL MATERIAL IS AMBIGUOUS AND UNCLEAR, LEVERAGING VAGUE TERMINOLOGY AND INCOMPLETE TERMINOLOGY DESIGNED TO BOTH EVOKE CONSUMER INTEREST AND INDUCE A GENERATIVE INCREASE IN CREDIT APPLICATIONS, ULTIMATELY FORCING CONSUMERS TO ENGAGE WITH SURRENDERING THEIR PERSONAL AND FINANCIAL INTEGRITY SPECIFICALLY FOR THE UNDERWRITING CREDIT LOAN EVALUATION.

PRIOR TO THESE ARRANGEMENTS, THE PLAINTIFF SUCCESSFULLY EXECUTED MULTIPLE CONTRACTS WITH THE DEFENDANT(S) AS THE FIRST STEPS TOWARDS CREDIT DEVELOPMENT. PROGRESSIVELY KEEN ON THESE INTERESTS, THE PLAINTIFF REASONABLY BELIEVED THAT ANY NEW

**PLAINTIFF COMPLAINT**

APPLICATION WOULD BE PROCESSED WITH THE LIKEMINDED MANNER, CAREFULLY, LAWFULLY, TRANSPARENTLY, AND MORESO ALIGNED IN TERMS OF COMPLIANCE WITH ANY FINANCIAL OR FEDERAL DISCLOSURE REQUIREMENTS.

RELYING SOLELY ON THE DEFENDANT(S), MIDFLORIDA CREDIT UNION, MARKETING AND PRIOR CONTRACTUAL ARRANGEMENTS, THE PLAINTIFF FOLLOWED THE CHANNEL OF THE SHORT-TERM PROMOTIONAL THROUGH THEIR ONLINE DIGITAL PORTAL DESIGNATED SPECIFICALLY TO SERVE THIS GIVEN PURPOSE.

THE PLAINTIFF WAS IMPRESSIONED THAT ELIGIBILITY WOULD BE MET OR OTHERWISE BE PROVIDED NOTICE BY A LIVE AGENT ABOUT THE AREAS REQUIRED TO MEET THE CONDITIONS OF ELIGIBILITY. IT IS UNCERTAIN IF THE CREDIT LOAN ADMINISTRATOR II, DESTINY MARTINEZ, PROCESSED THE APPLICATION WRECKLESSLY, OR IT WAS SKIMMED THROUGH A COMPUTERIZED AND AUTOMATED UNDERWRITING FRAMEWORK WHICH IS CONFIGURED BY INACCURACIES OF ALGORITHMIC OR SCORE-BASED DECISIONING.

(SEE. "CREDIT DATA MODELS"; CONSUMER FINANCIAL PROTECTION BUREAU V EXPERIAN INFORMATION SOLUTIONS, INC. (C.D. CAL. 2025), NO. 8:25-CV-00024; "PROPRIETARY ALGORITHMS"; FAIR ISAAC CORP. V EXPERIAN INFORMATION SOLUTIONS, INC. (8TH CIR. 2021), 650 F.3D 1139)

AUTONOMOUSLY, AS A DIRECT RESULT OF THE CREDIT LOAN SUBMISSION, THE LOAN APPLICATION IS ENTERED INTO REVIEW AND PULLS A HARD INQUIRY CAUSING DAMAGES TO THE CONSUMER CREDIT FILES. THIS REFLECTION IS ACCESSIBLE AS AN ADVERSE POSITION OF THE CONSUMER HISTORY.

HOWEVER, DESPITE THE HARD INQUIRY AND DAMAGE, THE CONCERNS ENHANCED WHEN THE DEFENDANT(S), MIDFLORIDA CREDIT UNION, DENIED THE CONDITIONS OF THE PERSONAL LOAN THEREAFTER.

DESPITE TAKING A POSITION OF ADVERSE ACTION ON THE SUBMITTED PERSONAL LOAN APPLICATION DERIVING FROM THEIR SEASONAL MARKETING INCENTIVE, THE DEFENDANT(S), MIDFLORIDA CREDIT UNION, FAILED WHOLLY, AS TO NOT PROVIDE THE PLAINTIFF WITHIN (30) DAYS OR OTHERWISE, ANY WRITTEN ADVERSE-ACTION NOTICE THAT COMPLIED WITH FEDERAL STATUTE TITLE 15 U.S.C. § 1691, "… TO ANY ASPECT OF A CREDIT TRANSACTION …", AND TITLE 12 C.F.R. § 1002.9, REGULATION B, WHICH PROTECTS APPLICATIONS FROM DISCRIMINATION IN ANY KEY COMPONENT OR ASPECT OF A CREDIT TRANSACTION, FURTHER STIPULATING THE REQUIREMENT OF "… SPECIFIC REASONS FOR THE ACTION TAKEN …"

**PLAINTIFF COMPLAINT**

PARTICULARLY WITH A BUSINESS THAT HOST AN ACCUMULATIVE $9.5 BILLION IN ASSETS.

THESE VERY MATTERS WERE ESCALATED TO THE CONSUMER FINANCIAL PROTECTION BUREAU (CASE REF. 260403-30869602) IN WHICH THE FINDINGS BASED UPON THE BRIEF COMPLAINT WERE NOT TRANSITIONED INTO MATTERS OF THE FEDERAL TRADE COMMISSION (FTC) PURSUANT TO THE FEDERAL TRADE ACT (1914) OR TITLE 12 U.S.C. § 5531 AS DESIGNATED, RATHER THE COMPLAINT WAS FORWARDED TO THE NATIONAL CREDIT UNION ASSOCIATION (NCUA). THE OFFICE OF FINANCIAL REGULATION (OFR), NATIONAL CREDIT UNION ASSOCIATION (NCUA), AND THE DEFENDANT(S), MIDFLORIDA CREDIT UNION, ALL STONEWALLED THE DISPUTE OR PERMITTED THE COMPLAINT TO CLOSE PREMATURELY.

THESE WRECKLESS CONDITIONS ARE IMMEDIATELY RECOGNIZED AS A DIRECT VIOLATION OF EXECUTIVE ORDER 12250 WHICH CENTRALIZED FOCUS ON ENFORCING THE NON-DISCRIMINATION AND EQUAL OPPORTUNITY COMPLIANCE ACROSS ALL FEDERAL LENDING, HOUSING, AND CREDIT PROGRAMS. THE DECEPTIVE "ONBOARDING" ALONE SHOULD HAVE BEEN SUFFICE AS TO GIVE MEANS THAT THE DEFENDANT(S) DECEPTIVE TRADE PRACTICES INTENDED TO HARVEST HARD CREDIT INQUIRIES THROUGH THE UTMOST VAGUE PROMOTIONS, REF. FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (1973). FOR THE NEGLIGENCE OR ABUSE IN PART MUST BE SUBJECT AS TO COMPEL THE INTEREST OF THE FEDERAL BUREAU OF INVESTIGATION (FBI) ECONOMIC CRIMES UNIT AND THE FINANCIAL CRIMES ENFORCEMENT NETWORK (FINCEN), PARTICULARLY FOR SAFE, SOUND, AND RESPONSIBLE BANKING PRACTICES OF THESE STATE-CHARTERED CREDIT UNIONS. AS TO ENGAGE IN, OR ATTRIBUTE TO, PREDATORY, BAIT-AND-SWITCH STYLE ADVERTISING, THE DEFENDANTS THEREBY COMMIT BANK FRAUD, A VIOLATION OF CRIMINAL STATUTE TITLE 18 U.S.C. § 1344 WHICH CONTENDS THAT ANY SCHEMES OR ARTIFICE DESIGNED TO DEFRAUD A FINANCIAL INSTITUTION OR OBTAIN ASSETS UNDER CONTROL OF ANY FINANCIAL INSTITUTION IS FRAUDULENT PRETENSES.

(SEE. USA PATRIOT ACT (2001); BANK SECRECY ACT, TITLE 31 U.S.C. § 5311 ET SEQ.)

THE ACTIONS, OR INACTIONS, OF THE AFOREMENTIONED AGENCIES IMPOSED SIGNIFICANT DISTRESS AS TO CAUSE INTANGIBLE INJURY IN TERMS OF OUT-OF-POCKET EXPENSES, CREDIT HARM, LACK OF CREDIT DEVELOPMENT, EMOTIONAL DISTRESS, SPECULATIVE INTEREST IN LOSS OF INCOME AND INCONVENIENCE OF THE UNACCOMPANIED DENIAL AND DISCLOSURE BASIS FOR SUCH DENIAL, AND THE PURPOSE AS TO NOT EFFECTIVELY MANAGE THE CONDITIONS OF A HARD INQUIRY. ALL IN

**PLAINTIFF COMPLAINT**

WHICH ARE THE VERY SUBJECT FOR LOSS OF THE FEDERALLY PROTECTED RIGHTS RELATING TO THESE MATTERS.

**V**
**GROUNDS**

IN THE CONSIDERATION OF THE DEFENDANT(S) HISTORICAL AND PRESENT FAILURES, IN PART, PARTICULARLY THE PRINCIPAL SPECIFIC REASON FOR DENIAL, WILLFUL, KNOWING, RECKLESS, AND SYSTEMIC FAILURES, IN PART, AS TO NOT CORRECT THESE PROBLEMS OR CONCERNS, THE EQUITABLE AND DECLARATORY RELIEF IS OUTLINED AS THE FOLLOWING:

**COUNT I**
**WILLFUL VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT (1974) AND REGULATION B**

UNDER TITLE 15 U.S.C. § 1691(D) AND TITLE 12 C.F.R. § 1002.9, THE DEFENDANT(S), MIDFLORIDA CREDIT UNION, ARE REQUIRED BY STATUTE TO FORMALLY PROVIDE THE PLAINTIFF, JOSHUA GONZALEZ, APPLICANT, A NOTICE WITHIN (30) DAYS AS ASCRIBED BY LAW, A WRITTEN NOTICE OF ADVERSE ACTION CONTAINING A SUFFICIENT AMOUNT OF CHARACTERISTICS AS TO GIVE DETAIL TO THE PLAINTIFF THE EVENTS, CAUSE, AND ADVERSE ACTIONS TAKEN WITH SPECIFIED REASONS AND IN GOOD FAITH THE NEXT STEPS MOVING FORWARD.

THE PLAINTIFF CONTENDS THAT THE DEFENDANT(S), IN COMPLIANCE WITH THIS FEDERAL STATURE, FAILED TO PROVIDE ANY INFORMATION, PARTICULARLY UPON DEMAND THROUGH ALTERNATIVE FEDERAL OR STATE AGENCIES, CONTAINING ACTUAL NOTICE OF THE CONDITIONS AND ANY INTENTIONS TO ADDRESS OR RESOLVE THE MATTERS SET BEFORE THEM. THIS FAILURE IS NOT A PROXIMATE RESULT, IT IS A DIRECT CAUSE OF INJURY FROM A DEPRIVATION OF MANDATORY STATUTORY NOTICE AND RELATED HARMS.

UNDER THE CONSUMER CREDIT PROTECTION ACT (1968), RESTS THE EQUAL CREDIT OPPORTUNITY ACT (1974), WHICH GIVES MEANING AS TO PERMIT THE PLAINTIFF OF INJURY OF FACT AS TO CLAIM RELIEF IN THE AMOUNT OF **$10,000.00 USD** TOGETHER WITH SUCH DECLARATORY RELIEF WARRANTED, REF. 15 U.S.C. § 1691 E(C), IN ADDITION TO COSTS AND ANY OTHER PROPER RELIEF THE COURT DEEMS JUST AND PROPER.

**COUNT II**
**WILLFUL PROCUREMENT OF A CONSUMER REPORT UNDER THE FAIR CREDIT REPORTING ACT (1970)**

PLAINTIFF COMPLAINT

IN ACCORDANCE WITH THE FAIR CREDIT REPORTING ACT (1970), SEE. 15 U.S.C. § 1681 B(F), § 1681 N, § 1681 Q, IT IS WELL ESTABLISHED THAT A CONSUMER REPORT THROUGH A MATERIALLY MISLEADING APPLICATION FLOW, MATERIALLY DEFICIENT PRODUCT OR SERVICE DISCLOSURE, GENUINE FALSE PRETENSES, OR WITHOUT A VALID PERMISSIBLE PURPOSE SHOWS UNDOUBTEDLY THAT THE DEFENDANT(S) PROCURED THE CONSUMER REPORT.

THE DEFENDANT(S), MIDFLORIDA CREDIT UNION, INDUCED THE PLAINTIFF TO ENTER THE ONLINE APPLICATION PROCESS THROUGH PROMOTIONAL AND VAGUE MARKETING TACTIC THAT OBTAINED VALID AND LAWFUL IDENTIFIABLE INFORMATION EXTENDING BEYOND A BONA FIDE AND TRANSPARENTLY DISCLOSED CREDIT INQUIRY. THIS TRANSACTION, AS ITS JUSTIFICATION, WAS IMMATERIALLY VAGUE AS TO SUPPORT AND PROMOTE A "SPENDING SPREE" FOR "SHOPPING WITH FRIENDS", OR IN ALTERNATIVE, "PAYING FOR GAS", INTER ALIA.

FOR THIS CAUSE, THE DEFENDANT(S) MISCONDUCT WAS ESTABLISHED UNDER FALSE PRETENSES AND/OR WITHOUT A PERMISSIBLE PURPOSE, IN VIOLATION OF 15 U.S.C. § 1681, FOR IN THE YEAR OF 2022, WITHIN THE BOUNDS OF (25 – 27) YEARS OF AGE, THE AVERAGE CREDIT SCORE WAS 679 (SRC: LENDINGTREE, INC.) WHICH IS CRITERIA THAT FALLS BELOW THE METRICS APPOINTED AS A "GOOD" CREDIT SCORE RATING (SRC: BANKRATE, LLC). IT IS CLEARLY PROJECTED THAT THE TARGETED DEMOGRAPHICS OF MIDFLORIDA CREDIT UNION, AS NOTICED BY THE IMAGES OF THEIR MARKETING MATERIALS, ARE NOT PROXIMATE, SOLELY AS TO DIRECT RECKLESS AND KNOWLEDGEABLE STRATEGIES TO COMMIT A FRAUD THROUGH UNJUSTIFIABLE AND HIGH-RISK MARKETING WHICH NEGATIVELY IMPACTED THE PLAINTIFF AND VIOLATED THE RIGHTS OF CONSUMERS.

TO BALANCE THE SEVERITY OF THESE CONDITIONS, THE PLAINTIFF, ON THIS COUNT ALONE, SEEKS **$2,250 USD** AS BEING DUE FROM THE DEFENDANTS, INCLUSIVE OF ACTUAL DAMAGES, STATUTORY DAMAGES TO THE EXTENT ASCRIBED, AND ANY PUNITIVE RELIEF THE COURT DEEMS APPROPRIATE.

THESE PROCEEDINGS ARE CONSTRUCTED IN ITS ORIGINAL FORM GIVING FEDERAL CLAIM(S) FROM PRIOR RELIEF SOUGHT OF LEON COUNTY COURT HOUSE, IN THE SECOND JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, REF. JOSHUA GONZALEZ V. MIDFLORIDA CREDIT UNION (2024), CASE NO. 2024-SC-002725. THIS PARTICULAR PROCEEDING, LIMITED IN NATURE, WAS ESTABLISHED UNDER THE CONTEXT OF SETTLEMENT AND THEREBY DOES NOT MIMIC, IMITATE, DUPLICATE, OR RENDER DOUBLE RECOVERY OF THE LOCAL SMALL-CLAIMS DAMAGES ITEMIZATION.

**PLAINTIFF COMPLAINT**

## VI
### DEMAND

THE PLAINTIFF, JOSHUA GONZALEZ, DEMANDS OF THESE PROCEEDINGS TO BE DETERMINED NOT BY JURY TRIAL, WHEREAS, TO BE JUDGED BY JUSTICE.

**FOR THESE MATTERS.**

DATED: 26 JUNE 2026

/SS/ JOSHUA GONZALEZ
JOSHUA GONZALEZ
PRO SE LITIGANT
2434 17TH AVENUE NORTH
ST PETERSBURG, FLORIDA 33713
3 1 8 2 2 5 6 8 1 3

PLAINTIFF COMPLAINT

Joshua Gonzalez
Prose Litigant
2434 17th Avenue North
Saint Petersburg, FL 33713
318 225 6813

TAMPA FL 335

1 JUL 2026 PM 3 L




FOREVER     USA

United States District Court
111 North Adams Street
Tallahassee, Florida 32301

JUL 0 6 2026

32301-773097