**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOSHUA GONZALEZ,**

**Plaintiff,**

**vs.**                                                                     **Case No. 4:26cv319-AW-MAF**

**MIDFLORIDA CREDIT UNION,**

**Defendant.**
_____/

**O R D E R**

Plaintiff, proceeding pro se, initiated this case by submitting a type-written complaint , ECF No. 1, and a "motion to waiver [sic] of fees," ECF No. 3.  It is apparent that Plaintiff is requesting leave to proceed in forma pauperis, but his motion does not comply with 28 U.S.C. § 1915.

Plaintiff has not provided an affidavit which demonstrates that he is "unable to pay" the filing fee for this case.  Rather, Plaintiff's motion, ECF No. 3, is a type-written document that does not provide the required information used by this Court to determine if Plaintiff has the financial ability to pay the filing fee.  Thus, the Clerk of Court will provide Plaintiff with a copy of this Court's in forma pauperis application packet for non-

prisoners. Plaintiff must file an amended in forma pauperis motion no later than **August 7, 2026**, if he wants to proceed with this case.

Notably, two other issues are apparent from Plaintiff's instant motion, ECF No. 3. First, Plaintiff has attempted to use an electronic signature. *Id.* at 3. That is not proper and does not comply with the Local Rules of this Court. *See* N.D. Fla. Loc. R. 5.1(E). Because Plaintiff is not an attorney, he must include his handwritten signature on all documents filed.

Additionally, Plaintiff's instant motion violates Federal Rule of Civil Procedure 5.2, which was created to address privacy concerns which result from public access to electronic case files. The Rule states that, "[u]nless the court orders otherwise," documents submitted for filing in a case should only include: "(1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) the minor's initials; and (4) the last four digits of the financial-account number." Fed. R. Civ. P. 5.2(a). Plaintiff attached copies of income tax returns which include his full social security number. ECF No. 3 at 5-10. As a courtesy, the motion, ECF No. 3, will be sealed to protect Plaintiff's privacy. However, when Plaintiff submits a proper in forma pauperis motion on the Court form, he is reminded to no include any attachments with this motion

Case No. 4:26cv319-AW-MAF

and to omit the information listed in Rule 5.2. Instead, Plaintiff need only provide a financial affidavit and complete the Court form.

The Court has also reviewed Plaintiff's complaint as a courtesy and in an effort to move this case forward expeditiously. There are several problems with that document as well.

First, Plaintiff has once again included an electronic signature. ECF No. 1 at 8. That is not permissible as explained above.

Second, Plaintiff's complaint does not present the factual allegations in short, numbered paragraphs as is required by Rule 10(b). Pursuant to Federal Rule of Civil Procedure 10(b), all statements shall be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Plaintiff must use short, numbered paragraphs to present the facts of this case and he must submit an amended complaint no later than **August 7, 2026**.

Another reason Plaintiff must submit an amended complaint - if he desires to pursue this case - is to comply with Rule 8(a) of the Federal Rules of Civil Procedure which requires that a pleading contain three things:

Case No. 4:26cv319-AW-MAF

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Plaintiff must provide factual statements which explain more precisely when the incidents arose. Plaintiff indicates he was denied credit in "fiscal year of 2022," ECF No. 1 at 2, but that assertion is vague. To ensure that Plaintiff's complaint is timely filed, he must provide more clarity as to when the events transpired which support his claims.

Moreover, Plaintiff must provide factual allegations which clarify the basis for his complaint. As presented, Plaintiff's complaint makes vague and conclusory assertions which fail to show when, where, and how the Defendant violated a federal statute or banking regulation.

In addition, Plaintiff must demonstrate that venue is appropriate in this Court. Plaintiff's complaint indicates that he resides in St. Petersburg, Florida, which is within the territorial jurisdiction of the Middle District of Florida. ECF No. 1 at 8. Although Plaintiff contends the Defendant is an institution which "facilitates business throughout the State of Florida,"

Case No. 4:26cv319-AW-MAF

Plaintiff should give consideration to the issue of venue and clarify why this action has been filed in the Northern District of Florida. In general, venue is most appropriate in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Logically, it would appear that Plaintiff's interaction with the Defendant MidFlorida Credit Union occurred near his place of residence. Furthermore, Plaintiff should consider that financial records, witness testimony, and the like are easier to obtain if a litigant proceeds in the judicial district closest to where the incident occurred.

No further action will be taken on this case until Plaintiff complies with this Order. To be clear, Plaintiff must either pay the $405 filing fee or file a proper in forma pauperis motion by August 7, 2026. Plaintiff must also file an amended complaint by the same deadline. The amended complaint must include a clear statement of facts to support the claims raised. If Plaintiff does not want to continue this case, a notice of voluntary dismissal must be filed by the same deadline.

Case No. 4:26cv319-AW-MAF

Accordingly, it is

**ORDERED:**

1. The Clerk of Court shall forward to Plaintiff an application packet for requesting leave to proceed in forma pauperis by a non-prisoner along with a civil complaint form which Plaintiff should use as a guide in filing his amended complaint.

2. Plaintiff has until **August 7, 2026,** to either: (1) file a motion requesting leave to proceed in forma pauperis or (2) pay the full amount of the filing fee ($405.00 if paid in full).

3. Plaintiff has until **August 7, 2026,** to file an amended complaint in accordance with this Order.

4. If Plaintiff no longer desires to proceed with this case, Plaintiff must file a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a) by the same deadline.

5. Failure to comply with this Order will result in a recommendation to dismiss this case.

6. A notice must be immediately filed with the Clerk's Office in the event Plaintiff's address changes. This Court will not seek to locate a non-

incarcerated litigant, and this case may be dismissed if Court orders are returned as undeliverable.

7. In accordance with Fed. R. Civ. P. 5.2(a), the Clerk of Court shall seal Plaintiff's motion, ECF No. 3, to protect Plaintiff's privacy.

8. The Clerk of Court shall return this file upon receipt of Plaintiff's compliance with this Order, or no later than August 7, 2026.

**DONE AND ORDERED** on July 8, 2026.

s/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:26cv319-AW-MAF